UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-60692-CIV-COHN

RICKY A. POUNDS, NANCY C.
POUNDS, VERN S. SIMMONS,
MARY ANNE SIMMONS,
GREG D. McDONALD, and
LESLIE M. McDONALD,

    Plaintiffs,

v.

COUNTRYWIDE HOME LOANS, INC.,
BANK OF AMERICA, successor by
merger to BAC HOME LOANS
SERVICING, LP; THE BANK OF
NEW YORK, as trustee for CWALT, INC.;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; and
DOES 1-100, INCLUSIVE,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendants Countrywide Home Loans, Inc., Bank of America, Bank of New York, and Mortgage Electronic Registration Systems's Motion to Dismiss or, Alternatively, for More Definite Statement [DE 3]; as well as Defendant Chicago Bancorp, Inc.'s Motion to Dismiss or, Alternatively, for More Definite Statement [DE 10] (together, "Motions to Dismiss"). The Court has considered Defendants' Motions to Dismiss, Plaintiffs' Response [DE 9], Defendants' Reply [DE 12], the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

On September 28, 2005, Plaintiffs Ricky A. Pounds and Nancy C. Pounds entered into a Mortgage Agreement [DE 10-1], taking out a $368,000 mortgage on a

1

second home.  See Mortgage Agreement at 1.  Under the Mortgage Agreement, Chicago Bancorp, Inc., served as lender, while Mortgage Electronic Registration Systems, Inc. ("MERS"), was designated as mortgagee.  See id.  MERS later assigned the mortgage and note to Bank of New York Mellon, f/k/a Bank of New York.  MERS executed the assignment in its capacity as mortgagee, and the assignment was recorded in the public records of Broward County.  See Assignment of Mortgage [DE 10-2].

On March 15, 2012, Plaintiffs Ricky A. Pounds, Nancy C. Pounds, Vern S. Simmons, Mary Anne Simmons, Greg D. McDonald, and Leslie M. McDonald[1] brought a quiet title action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, against several financial institutions (collectively, "Defendants").[2]  See Compl. [DE 1-2].  Defendants removed the case to this Court on April 18, 2012.  See Notice of Removal [DE 1].

Plaintiffs allege that Bank of New York Mellon cannot enforce the Mortgage Agreement and that the mortgage should be declared null and void.  See Compl. ¶¶ 42-45.  In their Motions to Dismiss, Defendants contend that Plaintiffs' claims are barred by

---

[1] The Complaint contains no specific allegations regarding the mortgages of Vern S. Simmons, Mary Anne Simmons, Greg D. McDonald, or Leslie M. McDonald.  However, the Complaint frequently makes reference generally to "Plaintiffs."  Because Vern S. Simmons, Mary Anne Simmons, Greg D. McDonald, and Leslie M. McDonald are parties to this action, the Court presumes that any reference to "Plaintiffs" that does not specify a subset of Plaintiffs refers to all Plaintiffs.

[2] Defendants in this action are Countrywide Home Loans, Inc., Bank of America, successor by merger to BAC Home Loans Servicing, LP; the Bank of New York, as trustee for CWALT, Inc.; Mortgage Electronic Registration Systems, Inc.; and Does 1-100, Inclusive.

the statute of limitations and that Plaintiffs have failed to state a quiet title claim. Defendant Chicago Bancorp., Inc., additionally argues that it should be dismissed as a Defendant because it assigned its interest in the note and mortgage.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the Complaint as true and accept all reasonable inferences therefrom. Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

Here, Plaintiffs bring a quiet title action. A quiet title claim requires that a plaintiff plead facts that show "1) the plaintiff holds title to the property in question; and 2) a cloud on title exists." Mattison v. Homecomings Fin., LLC, 2012 WL 2589351, at *3 (M.D. Fla. July 3, 2012) (citing Stark v. Frayer, 67 So. 2d 237, 239 (Fla. 1953)). To assert a cloud on title, a plaintiff must set forth the matter that constitutes the alleged cloud, facts that give the claim apparent validity, and facts that show its invalidity. See id. As the Court will explain below, Plaintiffs have failed to allege facts that would establish that a cloud of title exists with regard to their property.

### III. ANALYSIS

Plaintiffs make four arguments in support of their quiet title claim. First, Plaintiffs Ricky A. Pounds and Nancy C. Pounds assert that they signed a promissory note and Deed of Trust with Defendant Countrywide Home Loans, Inc. ("Countrywide"), who was in the practice of bundling and trading mortgage-backed securities. Plaintiffs argue that "it is reasonable to assume" that Countrywide also traded Plaintiffs' loan, and that such trading would undermine the validity of the mortgage. See Compl. ¶¶ 15-18. At the outset, the Court notes that the Mortgage Agreement states that the original lender was Chicago Bancorp, Inc.[3] See Mortgage Agreement at 1. However, even reading the Complaint quite liberally — and allowing that Plaintiffs had intended to refer to their lender, Chicago Bancorp., Inc. — they still have not pleaded any facts that pertain

---

[3] While the Court must generally take the facts in the Complaint as true for purposes of a motion to dismiss, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." Crenshaw v. Lister, 556 F.3d 1283, 1292 (11th Cir. 2009) (quoting Griffin Industries, Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007)). Accordingly, the Court accepts the representation in the Mortgage Agreement that Chicago Bancorp, Inc., was the original lender.

4

directly to Plaintiffs' mortgage. Instead, they refer to actions that their lender took with regard to other mortgagors, and then speculate that they may have been treated similarly. The Court finds that Plaintiffs' mere conjecturing, without stating any facts that their mortgage was handled improperly, is insufficient to show that a cloud of title exists.

Second, Plaintiffs contend that their mortgage broker did not execute a Mortgage Loan Origination Agreement with them, and that this failure invalidates the broker's role in the mortgage. See Compl. ¶¶ 19-23. Florida Statutes § 494.0038 provides that mortgage brokers may receive loan origination fees only if they and the borrower execute a mortgage broker agreement which discloses certain information about the broker's fee.[4] However, the remedies for violations of § 494.0038 can be found in Florida Statutes §§ 494.0013, 494.0014, and 494.0018. Those provisions allow the state to issue injunctions, refund orders, or criminal penalties to non-complying brokers. A broker's collecting a loan origination fee without a mortgage broker agreement does not invalidate the mortgage. Therefore, these allegations do not establish a cloud of title on Plaintiffs' property.

Third, Plaintiffs allege that the broker did not sign the initial material disclosures required by a regulation promulgated under the Truth in Lending Act (TILA), 12 C.F.R. § 226.19(a)(1)(I). Plaintiffs argue that their broker's failure to sign the disclosures is

---

[4] In making this assertion, Plaintiffs make reference to "Section 50700-50706-50701," and do not mention Florida Statutes § 494.0038. See Compl. ¶¶ 22. In doing so, Plaintiffs appear to be citing to a California statute. The Court recognizes that a similar statute exists in Florida, and for the purpose of this Order, will construe the Complaint as referring to the relevant Florida statute.

equivalent to not having made the disclosures at all.  See Compl. ¶ 24.  Even if the Court were willing to make that leap, the broker's failure to make required material disclosures would not cloud Plaintiffs' title.  When a broker does not make the disclosures, the borrower retains the right to rescind the mortgage, but only if the mortgage is secured by the borrower's principal dwelling.  See 12 C.F.R. § 226.23(a)(1).  Furthermore, the right to rescind expires three years after consummation of the mortgage.  See 15 U.S.C. 1635(f); 12 C.F.R. § 226.23(a)(3).  Here, Plaintiffs do not meet either requirement for rescission.  The property in question was Plaintiffs' second home, not their principal dwelling.  See Mortgage Agreement at 24.  And the mortgage was consummated on September 28, 2005, see Mortgage Agreement at 1, so the last date to seek rescission was September 28, 2008.  This suit was not filed until December 20, 2011.  See Compl. at 3.  Moreover, even if Plaintiffs had a right of rescission, such right would not create a cloud on the title to the property unless and until Plaintiffs attempted to exercise it.  Therefore, Plaintiffs' TILA argument does not establish a cloud of title.

Fourth, Plaintiffs assert that there is no proof of valid transfer of their mortgage from Chicago Bancorp., Inc., to Bank of New York Mellon because MERS did not have the authority to transfer the note.  See Compl. ¶¶ 27, 55.  Plaintiffs cite to In re Rickie Walker (Bankr. E.D. Cal. 2010, No. 10-21656, May 20, 2010 civil minutes), which held that, under California law, MERS could not transfer its interest in a Deed of Trust because MERS did not own the underlying note.  California law, however, does not control a quiet title action brought under Florida law.

In Taylor v. Deutsche Bank National Trust Co., 44 So. 3d 618, 623 (Fla. 5th DCA

2010), the Florida Fifth District Court of Appeals faced a situation similar to the present case.  In Taylor, MERS was designated as the mortgagee of a security agreement, which provided that

> Borrower understands and agrees that . . . MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Id. at 620.  On the basis of that language, the court held that MERS was a nonholder in possession of the instrument who had the rights of a holder.  Therefore, MERS had the power to assign its interest in the mortgage to a lender, enabling the lender to enforce the note.  Here, the Mortgage Agreement contains the exact same terms as those in Taylor.  See Mortgage Agreement at 3.  The Court agrees that this language in the Mortgage Agreement gave MERS the rights of a holder of the note.  MERS was therefore permitted to assign those rights — including the right to enforce the note — to third parties, in this case Bank of New York Mellon.  See Taylor, 44 So. 3d at 623.  Accordingly, the Court finds that MERS's assignment was valid and does not cloud the title to Plaintiffs' property.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendants Countrywide Home Loans, Inc., Bank of America, Bank of New York, and Mortgage Electronic Registration Systems' Motion to Dismiss or, Alternatively, for More Definite Statement [DE 3] and Defendant Chicago Bancorp, Inc.'s Motion to Dismiss or, Alternatively, for More Definite Statement [DE 10] are hereby **GRANTED**.  The instant

action is hereby **DISMISSED**. All other pending motions are **DENIED AS MOOT**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of September, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

Ricky A. Pounds, *pro se*
2973 Runnymede Way
Lexington, KY 40503

Nancy C. Pounds, *pro se*
2973 Runnymede Way
Lexington, KY 40503

Vern S. Simmons, *pro se*
3020 NE 32nd Avenue
#904
Fort Lauderdale, FL 33308

Mary Anne Simmons, *pro se*
3020 NE 32nd Avenue
#904
Fort Lauderdale, FL 33308

Greg D. McDonald, *pro se*
3020 NE 32nd Avenue
#904
Fort Lauderdale, FL, 33308

Leslie M. McDonald, *pro se*
3020 NE 32nd Avenue
#904
Fort Lauderdale, FL 33308